*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 30, 2018

**By CM/ECF Filing**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re:  *United States* v. *Lawrence Schwartz*, 00 Cr. 505 (JGK)

Dear Judge Koeltl:

  The Government respectfully writes to make the Court aware of a restitution-related issue in the above-captioned case and to request that the Court enter the attached proposed order to remedy the situation.

  By way of background, Lawrence Schwartz (the "defendant") was charged in 2000 with securities fraud related offenses. That same year, he pled guilty. He was sentenced on June 9, 2000, and a judgment was entered on June 13, 2000 (D.E. 78, attached as Exhibit A). With respect to restitution, both the judgment and the related docket notation stated:

> The defendant shall pay restitution in the amount of $786,402.00 to the court registry investment system. The payment shall be in accordance with the civil consent decree with the Securities and Exchange Commission. Restitution is payable no later than 90 days prior to the end of the defendant's supervised release. Restitution shall be without interest.

Docket Notation for DE 78, Ex. A at 4.

  The reference to the Securities and Exchange Commission (the "SEC") relates to a parallel civil action in which the SEC sued the defendant. *See SEC* v. *Freeman et al.*, 00 Civ. 1963 (VM). As referenced in relevant part in the Pre-Sentence Report for this matter:

> Schwartz has been named as a party in the civil case, *Securities and Exchange Commission* v. *Freeman, et. al.*, 00 Civ 1963 (VM), filed in the U.S. District Court for the Southern District of New York. As a result of the civil action, the defendant, on June 5, 2000, signed a consent settling the SEC action. Said

>disgorgement and civil penalties settlement with the SEC should satisfy any criminal restitution stemming from the instant offense. The SEC will establish a fund in which restitution will be forwarded to the victims of this offense. It should be noted that Schwartz consented to the entry of the final judgement and shall pay disgorgement in the amount of $786,402, plus prejudgement interest in the amount of $97,689. Schwartz agreed to make an initial payment in the amount of $262,134, within ten days of the entry of the final judgement, a second payment of $262,134 plus the appropriate postjudgment interest within six months of the entry of the final judgment and a final payment of $262,134 plus the appropriate post judgement interest within eighteen months of the entry of the final judgement.

PSR at 12 (redacted portion attached as Exhibit B).[1]

Per discussion with representatives from the SEC, and based in part on the documents above, the arrangement that the parties, the SEC, and the Court also seemed to have envisioned was that the defendant make restitution payments to the Court, which would then go the SEC for distribution to victims and in satisfaction of both his criminal restitution obligations and his obligations in the SEC case.

For reasons unknown to the Government, on May 22, 2003, the Court entered an order (the May 22, 2003 Order (D.E. 86), attached as Exhibit D), unconnected with any motion filed on the docket, that commanded that all restitution payments ordered in the case be placed in an account established for "Special Master Robert Romano under United States v. Randolph Pace, 98 cr 1247-01 (LAP) (the Pace account")." The May 22, 2003 Order further commanded: that "[a]ny future restitution amounts ordered by the Court shall be placed into the Pace account [and] any monies that have been collected by the Clerk and have not been placed into the Pace account shall be transferred forthwith." Neither this Office nor the SEC is aware of any connection between this case and the Randolph Pace case.

In April 1, 2008, former counsel for the defendant, Gerard Riso, wrote the Court, seeming to respond to an undocketed order asking for a response to Judge Preska's having closed the "Pace account." *See* D.E. 87, attached as Exhibit E. As relayed in that letter, the defendant had paid in $580.000 and had approximately $200,000 that remained to be paid. *Id*. Mr. Riso noted that his client would continue to pay his restitution obligations to the Office's Financial Litigation Unit and that he "respectfully takes no position as to the application of the funds, provided that his payments are duly credited towards the restitution judgment." *Id*.

A few days later, on April 4, 2008, then Chief of the Office's Securities Fraud Unit, AUSA Bill Johnson, wrote the Court regarding this issue. *See* D.E. 88, attached as Exhibit F. In that letter, AUSA Johnson lays out much of what is set forth in this letter and notes that he was

---

[1] A copy of the final settlement entered between the SEC and the defendant in that case is attached as Exhibit C.

unfamiliar with any connection between this case and the Pace matter. AUSA Johnson sought 30 additional days to perform additional inquiries into the issue, which the Court granted.

Besides the docketing of additional payments by the defendant, no other entries appear on the docket and it does not appear the issue was ever resolved.

In speaking further with the SEC, they have advised that all payments received from the defendant, including any future payments, should be transferred by check to the U.S. Securities and Exchange Commission at:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

Each transfer should be accompanied by a letter referencing that the payments relate to Lawrence Schwartz and should reference both this action and *Securities and Exchange Commission* v. *Freeman, et. al.*, 00 Civ 1963 (SDNY). A proposed order to that effect is attached as Exhibit G.

Counsel for the defendant consents to this application.

> Respectfully submitted,
>
> GEOFFREY S. BERMANN
> United States Attorney
>
> by: __/s/ Jason H. Cowley__
> Jason H. Cowley
> Assistant United States Attorney
> (212) 637-2479

Cc:  Eugene O. Russo
     Counsel for Lawrence Schwartz
     ERusso@ourlawsite.com